IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DAVID UNTERREINER,               )
                                 )
                                 )    No.  CV-06-277-HU
          Plaintiff,             )
                                 )
      v.                         )
                                 )    FINDINGS & RECOMMENDATION
BRUCE GOLDBERG, MD, Director,    )
Oregon Department of Human       )
Services, acting in his          )
official capacity,               )
                                 )
          Defendant.             )
_____  )

HUBEL, Magistrate Judge:

     This matter is before the court on defendant's motion to
dismiss the complaint for lack of subject matter jurisdiction
(#14).  For the following reasons, defendant's motion should be
denied.

//

//

1 -- FINDINGS AND RECOMMENDATION

BACKGROUND

On February 8, 2004, the Circuit Court for Multnomah County issued a judgment committing plaintiff David Unterreiner into the custody of the Department of Human Services for a term of no more than 180 days.  Complaint at ¶¶ 1, 17.  After the original 180 day term had run, pursuant to Or. Rev. Stat. § 426.301, defendant Bruce Goldberg, by and through his agents, certified that plaintiff was still mentally ill and in need of further treatment, and plaintiff was recommitted for several consecutive 180 day terms.  Id. at ¶¶ 1, 12, 13, 19, 22.  Plaintiff alleges that defendant used procedures that were not in compliance with Or. Rev. Stat. § 426.301 to determine whether plaintiff needed to be recommitted or was eligible for less restrictive care.  Id. at ¶¶ 11, 13, 14, 21-23.  Plaintiff further alleges that defendant discriminated against him as a qualified individual with a disability under Title II of the Americans with Disabilities Act ("Title II").  Id. at ¶¶ 2, 8, 11, 13, 15, 21, 23.

Plaintiff seeks a declaration that defendant has violated Title II through its practices and procedures, and an injunction prohibiting defendant from implementing these practices and procedures until they are in compliance with Title II.  Plaintiff does not request that the court overturn his commitment order.

//

//

2 -- FINDINGS AND RECOMMENDATION

Defendant moves to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.   Defendant argues that the court lacks jurisdiction because plaintiff's claims constitute a de facto appeal of a state court judgment, barred by the Rooker-Feldman doctrine.

### STANDARDS

A motion under 12(b)(1) addresses the court's subject matter jurisdiction.  When deciding a motion under Rule 12(b)(1) the court must view the pleaded facts "favorably." McNatt v. Apfel, 201 F.3d 1084, 1087 (9th Cir. 2000).  A jurisdictional challenge under Rule 12(b)(1) may be made either on the face of the pleadings or by presenting extrinsic evidence. White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000).   Where jurisdiction is intertwined with the merits, we must "assume the truth of the allegations in a complaint unless controverted by undisputed facts in the record." Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003). The burden of establishing subject matter jurisdiction rests upon the party asserting jurisdiction. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994).

### DISCUSSION

The Rooker-Feldman doctrine has evolved from two Supreme Court cases, Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462

(1983). Rooker-Feldman prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment. Kougasian v. TMSL, Inc., 359 F.3d 1136, 1139 (9th Cir. 2004).

A de facto appeal from a state court judgment exists when a federal plaintiff both asserts legal errors by the state court as his injury, and seeks relief from the state court judgment as his remedy. Noel v. Hall, 341 F.3d 1148, 1163 (9th Cir. 2003); Kougasian, 359 F.3d at 1140; see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005) (Rooker-Feldman applies only to "cases brought by state-court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.")

If both requirements for a forbidden de facto appeal are satisfied, Rooker-Feldman provides that the lower federal courts have no jurisdiction to hear the claims. Where a federal plaintiff brings a claim or claims barred by Rooker-Feldman, claims which do not literally fall within Rooker-Feldman, but which involve issues which are "inextricably intertwined" with the issues decided in state court are also outside the jurisdiction of the court under Rooker-Feldman. Kougasian, 359 F.3d at 1142-43.

//

//

4 -- FINDINGS AND RECOMMENDATION

Applying these criteria, I conclude that Rooker-Feldman does not apply to this case.

Plaintiff does not seek relief from the state court order of commitment.  Nor has plaintiff alleged that the state court's decision is a cause of his injury.  The alleged cause of plaintiff's injury is the defendant's alleged action of delegating the responsibility for making clinical and legal determinations that are necessary for obtaining an extension of plaintiff's commitment order to Cascadia Behavioral Services, "including the contracting out of defendant's responsibility for appropriate processing of the circuit court pleadings necessary to obtain the ancillary court orders extending a commitment order's term."  Complaint at ¶¶ 13, 14.  Plaintiff alleges that in making these determinations, Cascadia's agents have not followed the procedures required by Or. Rev. Stat. § 426.301.  Id. at § 14.  These are allegations that plaintiff has been harmed by an "allegedly illegal act or omission by an adverse party," not by the state court's legal errors.  See Noel, 341 F.3d at 1164; Kougasian, 359 F.3d at 1140.

Plaintiff complains his injuries are coerced psychiatric medication, a coerced diet, lack of appropriate need assessments, and failure to provide treatment reasonably calculated to avoid the necessity of detention, shorten its duration, or lessen its restrictions.  Complaint at ¶ 20.  None of these injuries can be

5 -- FINDINGS AND RECOMMENDATION

attributed to legal errors in the state court judgment of commitment or recommitment.

Nor do the allegations of the complaint satisfy the second requirement for a de facto appeal of a state court judgment. Plaintiff does not seek relief from the state court's judgment of commitment. Plaintiff prays for 1) a declaration that defendant has violated Title II and 28 C.F.R. § 35.130; and 2) injunctions prohibiting defendant from violating plaintiff's rights in any extension of civil commitment order litigation and from denying plaintiff minimally adequate substantive and procedural due process protections. Neither remedy plaintiff prays for constitutes a reversal of the state court judgment of commitment.

Defendant contends that plaintiff's complaint is a "de facto appeal, or is inextricably intertwined with a state court decision." Defendant's Memorandum, p. 5 (emphasis added). Defendant has misunderstood the Rooker-Feldman analysis. Whether issues asserted in the federal court litigation are inextricably intertwined with issues adjudicated by the state court is a question which does not arise unless there are claims brought by a federal plaintiff which are barred by Rooker-Feldman, along with claims which, while not barred themselves directly, nonetheless involve issues inextricably intertwined with the issues decided in the claims directly barred by Rooker-Feldman. See, e.g., Noel, 341 F.3d at 1165 ("The 'inextricably intertwined' analysis of Feldman

6 -- FINDINGS AND RECOMMENDATION

applies to defeat federal district court subject matter jurisdiction only when a plaintiff's suit is at least in part a forbidden de facto appeal of a state court judgment.")

Defendant also contends that plaintiff should have asserted this claim in the Oregon Court of Appeals. However, Rooker-Feldman is not synonymous with claim preclusion. Rooker-Feldman is a narrower doctrine than claim preclusion, and does not "stop a district court from exercising subject-matter jurisdiction simply because a party attempts to litigate in federal court a matter previously litigated in state court." Exxon Mobil, 544 U.S. at 293.

I conclude that in this case, plaintiff presents independent claims challenging the defendant's recommitment practices and procedures, and not a claim seeking to overturn the state court's judgment of commitment. I therefore recommend that defendant's motion to dismiss on the basis of Rooker-Feldman (# 14) be denied.

CONCLUSION

I recommend that defendant Goldberg's motion to dismiss (#14) be denied.

SCHEDULING ORDER

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due November 30, 2006. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date.

7 -- FINDINGS AND RECOMMENDATION

If objections are filed, a response to the objections is due December 14, 2006, and the review of the Findings and Recommendation will go under advisement on that date.

IT IS SO ORDERED

Dated this _15th day of November, 2006

/s/ Dennis J. Hubel

_____

Dennis James Hubel
United States Magistrate Judge